MART STAGGS

*v.*

ALBERT VAUGHN.

(*Jackson,* April Term, 1959.)

Opinion filed June 5, 1959.

NEWTON P. ALLEN, ARMSTRONG, McCADDEN, ALLEN, BRADEN & GOODMAN, Memphis, WILLIAM B. BLACK, Tiptonville, for appellant.

MILES & MILES, Union City, FRED ROBERTSON, Tiptonville, for appellees.

10

PER CURIAM.

The sole question involved is whether or not the proceedings before the Justice of the Peace constituted a former adjudication of this same case barring the present action of the plaintiff, Albert Vaughn. The Circuit Judge overruled the plea of former adjudication and the case was tried before a jury resulting in a verdict for this plaintiff, Vaughn, and against the defendant below, Staggs, for $2,500.

The Court of Appeals reversed and dismissed Vaughn's suit and held that the trial judge should have sustained Stagg's plea of former adjudication.

The plaintiff below, Vaughn, was involved in an automobile accident with the defendant, Staggs, in Lake County, on December 22, 1956. On the same day Vaughn brought a suit in the Court of Wilson Hayes, Justice of the Peace, for property damage and attempted to attach defendant's car. During the course of the proceedings

and before all the proof was in, the magistrate wrote down on the back of the warrant, a judgment for $200 in favor of the plaintiff. It developed in the proof that the defendant was the conditional vendee of the car, and that it could not be reached in the magistrate's hearing, so the plaintiff, Vaughn, told the magistrate that he wanted to dismiss the suit. Therefore an order of dismissal was entered on the magistrate's docket that same day and the cost paid by the plaintiff.

It appears that neither party was represented by counsel before the magistrate.

Following this on January 22, 1957, the plaintiff filed his action for damages in the Circuit Court of Lake County for personal injuries of $9,999.99 and property damages $300. We have granted certiorari.

 The right to take a non-suit is regulated by Statute; the pertinent statutory provisions applicable being set out in Sections 20-1311, 20-1312, 20-1313, T.C.A., which are as follows:

"20-1311. Nonsuit before retirement of jury.—The plaintiff may, at any time before the jury retires, take a nonsuit or dismiss his action as to any one or more defendants, but if the defendant has plead a setoff or counterclaim, the latter may elect to proceed on such counterclaim in the capacity of a plaintiff."

"20-1312. Withdrawal of counterclaim. — The defendant may, in like manner, withdraw his counterclaim at any time before the jury retires to consider of their verdict."

"20-1313. Dismissal in nonjury trials.—If the trial is by the court instead of the jury, the nonsuit or dis-

missal provided for in secs. 20-1311 and 20-1312 shall be made before the cause is finally submitted to the court, and not afterwards."

Section 20-1313, T.C.A., is the section applicable to the facts involved in the present case. It is insisted by the plaintiff below, Vaughn, that a non-suit may be taken at anytime before the jury retires, or before the matter is finally submitted to the court. *Nashville, C. & St. L. R. Co. v. Sansom,* 113 Tenn. 683, 84 S.W. 615.

It has also been held that a plaintiff may take a non-suit even after a motion for a directed verdict has been sustained. *Darby v. Pigeon Thomas Iron Co.,* 144 Tenn. 298, 232 S.W. 75.

It is also insisted by the plaintiff below, petitioner here, that the Sections of the Code above set out have reference to proceedings in the Circuit Court and not before a Magistrate.

It is true that proceedings before a Magistrate are informal but in the present case it appears that the magistrate had already entered judgment for the plaintiff in the sum of $200 and thereupon the defendant left the court room of the magistrate.

■ We are of the opinion that this was a final judgment even though the docket of the magistrate shows that the plaintiff there took a non-suit.

It therefore follows that the Circuit Judge should have sustained the plea of res adjudicata and that the Court of Appeals was correct in reversing the judgment of the trial judge for failure to sustain this plea.

This being the case the judgment of the Court of Appeals is affirmed.