## MRS. BILLIE KING TRIOLO, Appellant, v. TREADWELL & HARRY, INC., Appellee.—371 S.W. (2d) 169.

Western Section.  July 3, 1963.

Certiorari Denied by Supreme Court October 11, 1963.

C. M. Murphy, Memphis; Murphy & Jarvis, Memphis, of counsel, for appellant.

Fitzhugh, Clay & Hodges, Memphis, for appellee.

BEJACH, J. This cause involves an appeal by Mrs. Billie King Triolo, who was complainant in the lower court, from a decree of the Chancery Court of Shelby County dismissing her suit against the defendant, Treadwell & Harry, Inc. The suit was originally brought against John Novell, an employee of Treadwell & Harry, Inc., as well as against that corporation, but at the hearing in the lower court, the suit was voluntarily dismissed

as to said John Novell, leaving the cause pending against Treadwell & Harry, Inc., only. For convenience, the parties will be referred to as in the lower court, as complainant and defendant, or called by their respective names.

Sometime prior to November 18, 1959, complainant purchased a house and had it moved onto her real property located at 8933 Holmes Road in Shelby County, Tennessee. She called John Novell, an employee of defendant, Treadwell & Harry, Inc., who had previously handled other insurance for her, and asked him to write fire and extended coverage insurance on said house. At that time she advised Novell that the house had just been moved and that she planned to do extensive repair work and improvements on same; and that she planned, eventually, to move from her home in Memphis, Tennessee into said house. Thereupon, the defendant caused to be issued Maryland Casualty Company's policy No. 41-012408, insuring said house for a period of five years up to the amount of $3,000. Thereafter, on or about the first anniversary date of said policy, November 18, 1960, John Novell communicated with complainant about the amount of coverage, and by agreement coverage was increased from $3,000 to $4,000. The house was completely destroyed by fire on or about January 15, 1961, and the loss exceeded $4,000. Claim was made against the Maryland Casualty Company which denied liability, on the ground that the property had been vacant and unoccupied for a period of sixty days, in violation of a provision of the policy. Suit was brought by complainant against Maryland Casualty Company in the Chancery Court of Shelby County, and that suit was tried before Chancellor Ceylon B. Fraser of that Court. In that suit,

complainant contended that she had spent week-ends at the property in question, and consequently that the property had not been vacant and unoccupied for a period of sixty days. Chancellor Fraser held, however, that because light, gas and water installations had not been connected, and plumbing had not been installed, complainant's occasional occupancy of the premises did not constitute such occupancy as was required by the policy. The cause was, for that reason, decided in favor of the Maryland Casualty Company. No appeal was taken from the decree in that suit, but complainant thereupon brought the present suit against John Novell and Treadwell & Harry, Inc., contending that Treadwell & Harry, Inc., through its agent, John Novell was charged with knowledge that the premises were vacant and unoccupied at the time the policy was issued and knew, or ought to have known, that it would remain vacant and unoccupied for more than sixty days. Complainant sought a recovery of $4,000, plus a 25% penalty provided for in Section 56-1105 T.C.A. As stated above, complainant's suit against John Novell was voluntarily dismissed; but, she contended in the lower court, and is contending in this court, that Treadwell & Harry, Inc. is liable to her because of its failure to issue to her a policy which would have insured her against loss even though the property remained vacant and unoccupied for more than sixty days.

The Chancellor was of opinion that knowledge of or notice to the defendant that at the time the policy was issued that premises insured was vacant and unoccupied, was not knowledge or notice that such property would remain vacant and unoccupied for more than sixty days. Resting his decision on authority of McCaleb and Phelan

v. American Ins. Co. of Newark, N. J., 205 Tenn. 1, 235 S.W.(2d) 274, and Cashen v. Camden Fire Ins. Ass'n, 48 Tenn.App. 470, 348 S.W.(2d) 883, he entered a decree dismissing complainant's bill. From that decree complainant has perfected her appeal to this court.

In this court, complainant, as appellant, has filed three assignments of error. These assignments of error, omitting the comment and argument which accompanied each of them, are, as follows:

"ASSIGNMENT OF ERROR NO. I

"The Chancellor erred in not deciding that the defendant breached its duty, either in contact or in tort, to supply complainant with fire insurance coverage, under the facts of this case.

"ASSIGNMENT OF ERROR NO. II

"The Chancellor erred in deciding that the law as set forth in the case of McCaleb and Phelan vs. American Insurance Company and the case of Cashen vs. Camden Fire Insurance Assoc. required a holding against complainant.

"ASSIGNMENT OF ERROR NO. III

"The Chancellor erred in not deciding that complainant is entitled to recover from the defendant the sum of $4,000.00, plus damages in the amount of $250.00 and $31.90 or a Total of $281.90 expended in the case against the Maryland Casualty Company, plus the sum of $1,000.00 as the statutory penalty."

■ Counsel for complainant points out no duty owed by defendant to complainant which was violated. Indeed, counsel does not even specify whether the duty

claimed to have been violated by defendant was in contract or in tort. The learned Chancellor reached the conclusion that the liability of defendant, if any, would lie in tort. We think it is immaterial whether or not this is a correct conclusion. Under the provisions of Sections 56-705 T.C.A., Treadwell & Harry, Inc., acting through its employee, John Novell, was the agent of the Maryland Casualty Company, in whose behalf it executed the policy in favor of complainant. It follows that any liability incurred through the agency of John Novell, and/or Treadwell & Harry, Inc., was the liability of the Maryland Casualty Company, and any notice or knowledge attributable to Treadwell & Harry, Inc., through John Novell, is likewise attributable to the Maryland Casualty Company.

Neither the case of Cashen v. Camden Fire Insurance Ass'n, 48 Tenn.App. 470, 348 S.W.(2d) 883, nor the case of McCaleb & Phelan v. American Ins. Co., 205 Tenn. 1, 325 S.W.(2d) 274, is directly in point on the issues presented in the instant case, but principles there announced are applicable. In both of these cases, the suit was against an insurance company, and not against the agent who had written the insurance for the company. In Cashen v. Camden Fire Ins. Ass'n, the defense was that the property insured was a restaurant which was padlocked as a nuisance, after which it remained unoccupied beyond the time limit fixed in the policy, after which it was destroyed by fire. The fact that the restaurant had been padlocked was published in the local newspaper, and was known to the insurance agent for the companies involved. The Court of Appeals, Eastern Section, in an opinion written by Cooper, J., held that knowledge of the insurance agent that the place had

been padlocked did not constitute knowledge that the premises would remain unoccupied beyond the time limit fixed in the policy, and did not constitute a waiver of that provision. In McCaleb v. American Ins. Co., the case turned on whether or not there was evidence from which a jury could find as a fact that the provision against vacancy for sixty days had been waived. In discussing this question, the Supreme Court's opinion, written by Mr. Justice Tomlinson, quoted with approval from 96 A.L.R., 1259, 1266, as follows:

"In another line of cases involving policies providing for forfeiture if the premises be or become vacant or unoccupied, and so remain for a specified length of time, the courts have adopted the somewhat logical rule that knowledge by the insuror's agent that the premises are vacant at the time the policy is issued does not waive a breach arising from vacancy continuing thereafter for a period in excess of that permitted by the policy, in which case the breach is not regarded as occurring at the inception of the risk." McCaleb v. American Insurance Co., 205 Tenn. 7, 325 S.W.(2d) 276.

The Supreme Court, in the McCaleb case, was of opinion that notwithstanding the soundness of the rule quoted above, there was evidence in this particular case from which a jury might determine that the insurance agent, in issuing the policy there involved, had knowledge that the vacancy would continue for more than sixty days and did intend to waive that provision in the policy. In the instant case, there is no such evidence.

The case of John Denies Sons Co. v. 638 Tire & Vulcanizing Co., 3 Tenn.App. 609, cited and relied on by

complainant, is not applicable to the facts of the instant case. In that case, 638 Tire & Vulcanizing Company, in connection with renting trucks to John A. Denies Sons Company, expressly contracted that such trucks were insured against liability and property damage to the lessee. It developed that the trucks in question were insured under policies which insured the trucks in question only when driven by employees of 638 Tire & Vulcanizing Company. In that situation, John A. Denies Sons Company recovered the cost of defending a law suit, defense of which had been tendered to and refused by the 638 Tire & Vulcanizing Company. In that case there was a clear contract for protection against the loss sustained by John A. Denies Sons Company and for which a recovery was allowed.

We conclude, as did the learned Chancellor, that, on authority of Cashen v. Camden Fire Insurance Ass'n, 48 Tenn.App. 470, 348 S.W.(2d) 883, and McCaleb v. American Insurance Co., 205 Tenn. 1, 325 S.W.(2d) 274, defendant was entitled to a decree in its favor and that complainant's assignments of error in this court must be overruled.

■ Complainant also complains of the fact that in the memorandum of insurance sent to her by defendant, the original policy having been sent to the mortgagee of the property, a Mrs. Ledbetter, no reference is made to the provision prohibiting vacancy for more than sixty days. No prejudice to complainant, by reason of this discrepancy in the memorandum and the policy itself is pointed out, however, and we fail to see wherein this affects the rights of the parties in this cause.

■ Counsel for defendant presented in the lower court, as they have in this court, two separate and dis-

tinct defenses: 1. That defendant neither knew nor should have known when it issued the policy that complainant's property would remain unoccupied for sixty days prior to the fire; and, 2. That if complainant could prove such knowledge, then she should have produced such proof in her suit against the Maryland Casualty Company, where such proof would have established a waiver of the sixty day provision, and entitled complainant to victory in that suit. The Chancellor rested his decision in favor of defendant on the first point, only, and did not consider the second. We concur in the Chancellor's view of the case; but lest the Supreme Court might not agree with either of us, we will also consider the second defense. In our opinion, the alternative defense of the defendant is also sound. Failure of the Chancellor to rule on this second defense is assigned as error by defendant.

Under complainant's theory of liability asserted against defendant, as set out in her bill in this cause, it is claimed that defendant knew or should have known that from and after the date of the policy, and until after the fire, the premises insured were and would remain vacant and unoccupied. If we assume that defendant had such knowledge, that would have constituted a waiver of the sixty day provision against vacancy, and proof of such knowledge would have entitled complainant to victory in her suit against the Maryland Casualty Company. That case was prosecuted, however, on the theory that the premises insured were occupied, and that the clause prohibiting sixty days vacancy was not applicable. That such knowledge on the part of the insurance company's agent would have constituted a waiver of the sixty day provision by the insurance company, itself,

is clearly indicated by the Supreme Court's opinion in McCaleb v. American Insurance Co., 205 Tenn. 1, 325 S.W.(2d) 274. On this phase of that case we quote from the Supreme Court's opinion, as follows:

"The controlling issues in this case are whether the Baugus Insurance Agency transferred this policy to McCaleb and Phelan with the expectation that this residence might remain vacant a longer period than sixty (60) days from date of transfer, and, in transferring the policy, intended to waive that limitation upon the period of vacancy. If the answer should be in the affirmative, then the Company is liable; otherwise not liable." McCaleb v. American Ins. Co., 205 Tenn. 8, 325 S.W.(2d) 277.

■ The complainant's assignment of error which complains of the failure of the Chancellor to award to complainant the statutory penalty provided for in Section 56-1105 T.C.A., is without merit. That Code section is applicable only in suits against insurance companies. Conceivably, it might have been applicable in complainant's suit against the Maryland Casualty Company, but it has no application to the facts of the instant case, in which complainant's suit is against Treadwell and Harry, Inc.

For the reasons hereinabove stated, all of complainant's assignments of error will be overruled, and the decree of the Chancery Court dismissing complainant's suit will be affirmed. The costs of the cause, including those of the lower court, as well as those of the appeal, will be adjudged against the complainant, Mrs. Billie King Triolo and the sureties on her appeal bond.

Avery, (P. J. W. S.), and Carney, J., concur.