**In re Kenneth SEALS, Debtor.**

**Janice WALKER, Appellant,**

v.

**Kenneth SEALS, Appellee.**

**Bankruptcy No. 87–82012.**
**Adv. No. 388–2001.**
**Dist. No. 3:89–0072.**

United States District Court,
M.D. Tennessee,
Nashville Division.

June 30, 1989.

332

Raymond G. Prince, Prince & Turk, Nashville, Tenn., for appellant.

William L. Norton, III, Boult, Cummins, Conners, Berry, Nashville, Tenn., for appellee.

## MEMORANDUM

MORTON, Senior District Judge.

This is an appeal from the ruling of the Bankruptcy Court for the Central District of Illinois, holding that the Davidson County Circuit Court default judgment did not have a preclusive effect by reason of collateral estoppel and the holding of the Bankruptcy Court for the Middle District of Tennessee that based on the facts of the incident the defendant's conduct was not willful and malicious under § 523(a)(6) of the Bankruptcy Act. Since this court holds that the non-preclusive finding of the Bankruptcy Court for the Central District of Illinois is clear error, the court will not reach the factual findings made by the Bankruptcy Court for the Middle District of Tennessee.

The background facts of this case are that Janice Walker, as plaintiff, filed a suit against the defendant, Kenneth Seals, alleging that on or about June 15, 1985, at the plaintiff's apartment located in Davidson County, Tennessee, the defendant physically assaulted and committed battery upon the person of the plaintiff without provocation; that he choked, kicked, beat, kneed, and threw plaintiff about the premises of her own apartment, all of which tortious acts proximately resulted in plaintiff's injuries and damages. The plaintiff further alleges that the tortious acts of the defendant were willfull, wanton and in conscious disregard of plaintiff's rights. The plaintiff sought punitive damages in addition to compensatory damages. The final decree entered in the Circuit Court of Davidson County, Tennessee, in that case by the Honorable James M. Swiggart, Judge, revealed that default was entered against the defendant January 20, 1987, and the case came on to be heard on February 12, 1987, at which time the court found that the plaintiff should have and recover a judgment against the defendant in the amount of $50,000 for compensatory damages and $35,000 in punitive damages.

Under Tennessee law, punitive damages may only be awarded in cases involving fraud, malice, gross negligence, or oppression, where a wrongful action is done with a bad motive or so recklessly as to imply a disregard for social obligations, or where there is such willful misconduct or entire want of care as to raise a presumption of conscious indifference to consequences. *See* 9 *Tenn. Jurisprudence*, Damages, § 33, and the cases cited thereunder. This is standard Tennessee law and is well known.

Under § 523(a)(6) of the Bankruptcy Code, "willful" means deliberate or intentional. "Malicious" means the conscious disregard of one's duties or without just cause or excuse. It does not require ill will or specific intent to do harm. *Wheeler v. Laudani,* 783 F.2d 610 (6th Cir.1986). It has been a general rule that liabilities arising from assault and battery are considered as founded on willful and malicious injuries. *In re: Claude Dennis Pitner, Debtor,* 696 F.2d 447, (6th Cir.1982). An assault is an attempt, or the unequivocal appearance of an attempt, to do a corporal injury to another, the intent to do harm being essential. A battery is any unlawful beating, or other wrongful physical violence or constraint, inflicted on a human being without his consent. 3 *Tenn. Jurisprudence,* Assault and Battery, § 1.

The facts which were before the court and which were adjudicated by the Circuit Court of Davidson County, Tennessee, were that the defendant was charged with assault and battery, and this was the issue that was litigated in the case, even though the defendant was not present and permitted default judgment to be entered against him. Of course, he had an opportunity to defend on that basis.

Since this was the matter being examined by the state court judge, being the specific charge, he having heard evidence and made a final determination, the doctrine of collateral estoppel applies and the bankruptcy court was bound thereby. *In re: Claude Dennis Pitner, Debtor,* 696 F.2d 447 (6th Cir.1982). The bankruptcy court should not have relitigated the issue. This court is aware of the decision in *Spilman v. Harley,* 656 F.2d 224 (6th Cir.1981), which generally holds that if the specific act was actually litigated and was necessary to the decision of the state court, the doctrine of collateral estoppel applies. Here, even though a default judgment was entered when the defendant elected not to appear and defend, the issue of assault and battery was actually litigated, and it was necessary for the judge to make that determination in making his final decision in the case. It is true that in *Spilman v. Harley,*

*supra,* there was no default judgment entered, but this court does not believe that where a party is notified by pleadings of the allegations of assault and battery, and that the plaintiff is seeking both compensatory and punitive damages, coupled with the allegation that the acts were willful, wanton, and in conscious disregard of the plaintiff's rights, that he may come in and assert that the matter was actually not litigated.

Thus, this court holds that the doctrine of collateral estoppel does apply, and that since the state court judge necessarily held that the actions were willful and wanton, this court holds that the debt in question was not dischargeable under the Bankruptcy Act, 11 U.S.C. § 523(a)(6).

An appropriate order will be entered.

### ORDER

In accordance with the memorandum contemporaneously filed, the bankruptcy court is reversed. The debt of $85,000 owed to the plaintiff by the defendant is nondischargeable.