**In the Matter of Celina M. CLAY, Plaintiff–Appellant,**

**v.**

**BARRINGTON MOTOR SALES, INC., Ronald Bransky, Owner, Defendants–Appellees.**

Court of Appeals of Tennessee, Middle Section.

Jan. 17, 1992.

Rehearing Denied Jan. 29, 1992.

Application for Permission to Appeal Denied by Supreme Court May 11, 1992.

Celina M. Clay, pro se.

Harold E. Collins, Nashville, for defendants-appellees.

## OPINION

TODD, Presiding Judge.

The plaintiff, Celina M. Clay, has appealed from the judgment of the Trial Court dismissing her suit against the defendants, Barrington Motor Sales, Inc., and Ronald Bransky, Owner. The judgment also dismissed the counterclaim of defendants and awarded judgment in favor of defendants and against plaintiff for $2,000.00 for fees and expenses pursuant to T.R.C.P. Rule 11 for bringing a frivolous suit.

On appeal, the plaintiff presents four issues, all but one of which relate to the

merits of her claim against defendants arising out of her purchase from Barrington Motor Sales, Inc., of a 1988 Champion Van No. 2GBGG31KOJ4106422 on July 17, 1990. However, the judgment in the Trial Court was based upon res judicata (prior judgment); and, if the judgment is correct, these issues raised by plaintiff are immaterial.

Records of the Metropolitan General Sessions Court of Davidson County, duly proven at trial of this cause in the Trial Court, reflect the following:

On November 13, 1990, Barrington Motor Sales, Inc., instituted suit in said General Sessions Court by issuance of an "Immediate Possession Warrant", naming Celina M. Clay as defendant, and seeking possession of the above described van.

On December 4, 1990, Celina M. Clay caused to be issued by said General Sessions Court a "civil warrant", wherein she stated a claim against "Barrington Motor Sales, Ron Bransky, Owner" for:

Money retained by Defendant for the amount of $5,500.00 of which $3,600.00 was paid in good faith for an alleged motor home in "like new" condition in which Defendant enduced (sic) Plaintiff to buy, grossly misrepresented the facts and breached expressed warranties.

On December 4, 1990, the General Sessions Judge rendered judgments dismissing the Civil Warrant and awarding possession to Barrington Motor Sales, Inc., on the Warrant for Possession.

There was no appeal from either judgment to the Circuit Court as required by statute.

On December 11, 1990, plaintiff filed the present action in Chancery Court in the form of a document entitled: "Appeal, Complaint and Application for Injunctive Relief". The document described the purchase of the above described van, the suit for possession of the van and the counter-suit for damages, and the disposition of same, and prayed:

b. That this Honorable Court maintain jurisdiction over the 1988 Chevrolet Champion Van until this matter is resolved.

c. That the Court restrain Mr. Ronald Bransky from selling or otherwise tampering with the vehicle until the resolution of this matter is settled.

d. If a resolution of this matter cannot be reached, then this Court allow and order a $5,500 judgment against Mr. Bransky's $25,600.00 Bond.

Appeals from a General Sessions judgment are to the Circuit Court, not the Chancery Court. T.C.A. § 27–5–101.

Appeal to the Circuit Court is perfected by bond for prosecution of the appeal or taking the oath for poor persons. T.C.A. § 27–5–103.

There is no evidence of the filing of an appeal bond or oath. The Clerk of the General Sessions Court testified that due search of the records failed to reveal such.

The controversy presented to the Chancery Court in the present case is unquestionably the controversy which was finally determined by the General Sessions Court without appeal therefrom.

■ A final judgment in General Sessions Court bars a subsequent suit in another court on the same subject. *Staggs v. Vaughn*, 205 Tenn. 9, 325 S.W.2d 277 (1959).

■ Res judicata bars a second suit between the same parties and their privies on the same cause of action as to all issues which were or could have been litigated in the former suit. *Harrison v. Bloomfield Building Industries, Inc.*, (6th Cir.1970, applying Tennessee Law), 435 F.2d 1192.

■ The remaining issue presented by plaintiff is the correctness of the $2,000.00 judgment rendered against her for a frivolous lawsuit as provided by T.R.C.P. Rule 11. The only argument found in support of this issue is as follows:

Whereas, the trial court's judgment of $2,000.00 sanctions against the plaintiff is based on harmful, fundamental and prejudicial errors and should be reversed.

No merit is found in the issue or argument relating to sanctions. As stated in the judgment of the Trial Court:

> The defendant has moved pursuant to Rule 11, T.R.C.P. for reasonable expenses. Rule 11 was violated. This is a frivolous abusive suit. The case had already been tried in another court. The case had no validity on the merits....

Pursuant to T.C.A. § 27–1–122, this appeal is found to be a frivolous appeal. Upon remand, the Trial Court will ascertain and render judgment against plaintiff for damages as authorized by said statute.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the plaintiff. The cause is remanded to the Trial Court for further proceedings.

Affirmed and Remanded.

LEWIS and CANTRELL, JJ., concur.