In re Patrick D. O'ROURKE.

Patrick D. O'ROURKE, Appellant,

v.

Vicki WYLLIE, Appellee.

No. 3:94–0052.

United States District Court,
M.D. Tennessee,
Nashville Division.

June 14, 1994.

Lynda F. Jones, James A. Flexer Law Offices, Nashville, TN, for Patrick D. O'Rourke.

Francis M. Bass, Jr., Jones, Rogers & Fitzpatrick, Nashville, TN, for Vicki Wyllie.

## MEMORANDUM

WISEMAN, District Judge.

This is an appeal from the Bankruptcy Court's ruling that Appellant Patrick O'Rourke's $5000 debt to Appellee Vicki Wyllie is not dischargeable under Bankruptcy Code § 523(a)(4). Appellant has failed to file

a Notice of Issues on Appeal as required by Bankruptcy Rule 8006. Appellant's brief directly addresses only the issue of whether a General Sessions Court default judgment is entitled to preclusive effect in bankruptcy. Any other issues which could have been raised are deemed waived.

## I.

In July 1991, Vicki Wyllie paid Patrick O'Rourke a $7500 retainer to represent her in an employment discrimination suit. In February 1992, O'Rourke withdrew from the case, and promised Ms. Wyllie he would refund any unearned portion of the retainer fee. Despite requests from Wyllie, O'Rourke never refunded any money and never accounted for the funds he received. Wyllie sued O'Rourke in General Sessions Court for the unearned portion of the $7500, and won a default judgment for $5000.

Five days later, on September 22, 1992, O'Rourke filed for bankruptcy under Chapter 7. Wyllie filed a complaint with the Bankruptcy Court to determine whether the $5000 debt was dischargeable. On January 3, 1994, Judge Paine held that the default judgment was res judicata as to the amount of the debt, and that O'Rourke's failure to repay or account for the unearned portion of the retainer fee was defalcation which is nondischargeable under Bankruptcy Code § 523(a)(4).

O'Rourke appeals the Bankruptcy Court's ruling that the General Sessions Court judgment is res judicata on two grounds: (1) the default judgment was not "actually litigated," and (2) the General Sessions Court is not a "court of record."

## II.

██ The Supreme Court has held that collateral estoppel applies in dischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, 284, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991). Bankruptcy courts are to give the same preclusive effect to prior state court judgments as the state courts would give to those judgments. *In re Byard*, 47 B.R. 700, 703 (Bankr.M.D.Tenn.1985). The question before this Court is whether the General Sessions Court default judgment is entitled to collateral estoppel effect under Tennessee law.

## A. Default Judgments

██ Under Tennessee law, a party is precluded from relitigating issues determined in a prior suit where (1) the prior suit involved the same parties, and (2) the issues were actually litigated and determined in the prior suit. *Massengill v. Scott*, 738 S.W.2d 629, 631 (Tenn.1987). O'Rourke argues that because the extent of his debt was determined by a default judgment, it was not "actually litigated."

██ This Court has recently held that a Tennessee default judgment is entitled to issue preclusive effect in bankruptcy. *White v. Rogers (In re Rogers)*, No. 3:93–0678, slip op. at 2, 1993 WL 610730 (M.D.Tenn., Dec. 10, 1993). Under Tennessee law, a default judgment is conclusive as to all issues that are well pled and material to the decision. *Lawhorn v. Wellford*, 168 S.W.2d 790, 792 (Tenn.1943). If a party is properly notified by pleadings of allegations of wrongdoing, and that party chooses not to appear in court to defend against those charges, that party will not be heard to complain in a subsequent proceeding that the matter was not "actually litigated." *See In re Seals*, 110 B.R. 331, 333 (M.D.Tenn.1989).

██ In the hearing before the Bankruptcy Court, O'Rourke contended that the retainer fee was exhausted and that he did not owe Wyllie anything. Thus, the Bankruptcy Court relied upon the General Sessions Court default judgment only to establish the *amount* of O'Rourke's debt to Wyllie. Findings of Fact and Conclusions of Law, pp. 2–3. The issue of the amount of O'Rourke's debt was necessarily raised by Wyllie's pleadings in General Sessions Court, and a finding on the amount of the debt was essential to the court's issuance of the $5000 judgment. There is no indication that O'Rourke did not have a fair opportunity in General Sessions Court to defend himself against the accusation that he owed Wyllie $5000. Under Tennessee law, a fair opportunity to defend oneself is sufficient to establish that an issue to

be given preclusive effect has been "actually litigated":

> [T]he "actually litigated" requirement does not refer to the quality or quantity of argument or evidence addressed to an issue. It requires only two things: first, that the issue has been effectively raised in a prior action, either in the pleadings or through development of the evidence in argument at trial or on motion; and second, that the losing party has had "a fair opportunity procedurally, substantively, and evidentially" to contest the issue. The general rule therefore is that subject to these restrictions default judgments do constitute res judicata for purposes of both claim preclusion and issue preclusion (collateral estoppel).

*Rally Hill Prods. v. Bursack (In re Bursack)*, 163 B.R. 302, 306 (Bankr.M.D.Tenn. 1994); *see also In re Seals*, 110 B.R. at 333.

**B. General Sessions Court Judgments**

 Appellant's brief implies that because the General Sessions Court is not a "court of record," its judgment should not be given res judicata effect. Again, this Court is bound to apply Tennessee law on the preclusive effect of a state court judgment. *In re Byard*, 47 B.R. at 703. Under Tennessee law, "an unreversed judgment of General Sessions Court is as final as a judgment rendered in a court of record," *State v. McClintock*, 732 S.W.2d 268, 270 (Tenn.1987), and "[a] final judgment in General Sessions Court bars a subsequent suit in another court on the same subject." *Clay v. Barrington Motor Sales*, 832 S.W.2d 33, 34 (Tenn.Ct.App.1992) (citing *Staggs v. Vaughn*, 205 Tenn. 9, 325 S.W.2d 277 (1959)). Although *Clay* addresses claim preclusion as opposed to issue preclusion, it nevertheless demonstrates that res judicata principles apply to final judgments in General Sessions Court.

### III.

For the forgoing reasons, the ruling of the Bankruptcy Court is AFFIRMED.