IN THE COURT OF APPEALS
AT KNOXVILLE

**FILED**

January 28, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

CAROLYN TURNER,

    Plaintiff/Appellant,

v.

MONROE FARMERS COOPERATIVE,

    Defendant/Appellee.

)  E1999-02545-COA-R3-CV
)  BLOUNT COUNTY
)  03A01-9903-CV-00111
)
)
)
)
)  HON. W. DALE YOUNG
)  JUDGE
)
)
)
)
)  AFFIRMED AND REMANDED
)


HUBERT D. PATTY, Maryville, for Appellant

ANDREW R. TILLMAN, Knoxville, for Appellee


O P I N I O N


Goddard, P.J.


This appeal involves the issuance of a worthless check. Carolyn Turner, the Plaintiff/Appellant, filed this action in which she alleged malicious prosecution and outrageous conduct against the Monroe Farmers Cooperative, the Defendant/Appellee, after charges against her for issuing a worthless check were dismissed. The Co-op counterclaimed against Mrs. Turner and her husband, John Turner, and her son, Ty Turner, as third-party

defendants by asking for payment in the amount of $2,154 for a load of feed. The Turners, who were doing business as Bestway Feeds, had purchased the feed with the worthless check.

Mrs. Turner presents four issues, which we restate, for our consideration:

1. Whether she was entitled to partial summary judgment;

2. Whether her failure to complete a small portion of all discovery demanded by the Co-op was sufficient to warrant a dismissal of her suit;

3. Whether the Co-op was entitled to summary judgment on a debt alleged due without specific proof;[1] and

4. Whether she is entitled to sanctions against the Co-op based upon the pleadings filed in the judicial proceedings.

We are compelled to note that we had some difficulty in discerning the arguments put forth by Mrs. Turner's counsel in his brief. We suggest that in the future, counsel submit briefs in which the issues presented to this Court are fully and adequately argued.

---

[1]Although Mrs. Turner raises this as an issue in her brief, she fails to submit an argument for it. Therefore, the issue is considered waived.

The Trial Court granted summary judgment for the Co-op on Mrs. Turner's original claim. [2]  In light of the fact that no issue was raised relative to the summary judgment in favor of the Co-op on Mrs. Turner's original claim, only issue one remains to be addressed.

The facts of this case are in dispute.  According to Mrs. Turner, her husband John owns a business called Bestway Feeds located in Maryville, Tennessee.  She insists that she is not an owner of the business and does not participate in the operation of the business.  However, she does make bank deposits.

Mrs. Turner stated that sometime around April 16, 1997, Joel Moss, an agent for the Co-op, came to Bestway Feeds and demanded payment of $2,154 because the bank on which the check had been drawn returned it for insufficient funds.

Mrs. Turner insists that Mr. Moss went to the "Blount County General Sessions Court and made a sworn statement that Carolyn Turner had issued the check and caused a warrant to issue resulting in her arrest" and in her placement in jail.

---

[2]Mrs. Turner also filed a lawsuit against the Co-op in the United States District Court for the Eastern District of Tennessee for violation of her civil rights.  The Court dismissed the lawsuit and imposed Rule 11 sanctions against Mrs. Turner's attorney.

On the other hand, the Co-op maintains that a check bearing the business name of Bestway Feeds was issued to it for $2,154 on April 15, 1997. The Co-op stated that approximately one month before, on March 12, 1997, Mrs. Turner had opened the Bestway Feeds account at BankFirst as a sole proprietorship.

The Co-op contends that over approximately four years, Mrs. Turner had moved the business bank account several times and had used variations of her name and initials in opening these different accounts. In addition, the Co-op insists that Carolyn Turner, her husband, and her son alternately held themselves out as the actual owner of the business. The Co-op maintains that the Turners wanted to create confusion as to the true owner of the business because they owed numerous creditors.

The check at issue in this case was signed by Ty Turner, Mrs. Turner's son. The Co-op insists that Ty Turner had actual and apparent authority to sign the check for Bestway Feeds. The Co-op maintains that Mrs. Turner knew that her son wrote checks, that he paid some of her bills, such as the electric bill, out of the account; "that there were no limitations on his rights and abilities as regarded the business; that it was not at all unusual for him to sign Carolyn Turner's payroll checks and to endorse checks made to the feed company;

4

and that he in fact signed at least 42 checks drawn on that account."  It further contends that if Ty Turner did not have the authority to sign the check, Mrs. Turner and her husband ratified his signing of the check "by accepting the feed, selling the feed, and subsequently agreeing to pay the check either on a payment schedule or by trade."  The Co-op has not received payment from the Turners for the feed.

On June 26, 1997, Mr. Moss obtained an arrest warrant from the Blount County General Sessions Court for a worthless check violation.  Judge William R. Brewer, Jr. testified in his affidavit as follows:

> I spoke to the person seeking the warrant and he relayed to me that Carolyn Turner was not personally present and did not personally sign the check upon which she was being prosecuted.  Since the check was written on a business, for goods used by the business, and signed by someone at the business, I authorized the warrant to issue under the belief that there was probable cause to support the warrant.

The Co-op explains that Joel Moss "relied on Judge Brewer and his clerk to determine whether or not Carolyn Turner could be prosecuted, and he signed an affidavit[3] prepared by Judge Brewer's clerk with the understanding that the affidavit reflected what he had related to the Judge and his clerk."

---

[3]The affidavit, in fact, charges that Mrs. Turner had "given" affiant the check and also that she "did issue same."

5

Mrs. Turner filed this cause of action for malicious prosecution and outrageous conduct against the Co-op on the basis that Mr. Moss obtained the warrant by falsely stating that she had personally signed the worthless check. Mrs. Turner sought $7.5 million in damages.

The Co-op insists that it attempted to move forward with discovery in the case. However, because Mrs. Turner was not forthcoming with the requested documents, the Co-op filed a Motion to Compel Answers to Interrogatories and Production of Documents and Production of Witnesses for Oral Deposition on November 13, 1997. On December 18, 1997 the Trial Court granted the Co-op's motion to compel.

Notwithstanding the Trial Court's order, Mrs. Turner and other members of her family resisted the Co-op's attempts at discovery. On one occasion, John Turner denied the Co-op access to Bestway's warehouse where the records were housed, and on another occasion, Mrs. Turner provided only two banks with which they had done business. However, the papers located at Bestway's office indicated that the Turners had done business with as many as seven other banks.

The Trial Court granted summary judgment for the Co-op on its counterclaim against Mrs. Turner and on Mrs. Turner's original claim against it. Alternatively, the Trial Court dismissed her claim with prejudice as a discovery sanction.

In her first issue, Mrs. Turner argues that the Trial Court erred in not granting her partial summary judgment. She maintains that the Co-op "did not file any opposing affidavits but the defendant's attorney filed an affidavit that did not comply with requirements of opposing affidavit, merely stating opinion and conclusions," which was in violation of Rule 56.06 of the Tennessee Rules of Civil Procedure.

The Co-op, however, argues that the Trial Court properly denied Mrs. Turner's motion for partial summary judgment. It asserts that Mrs. Turner's motion was premature since it was filed before discovery depositions of the parties had been taken. Also, the Co-op contends that because Mrs. Turner's motion for partial summary judgment had several deficiencies, the Trial Court could have denied the motion based on those deficiencies: her motion for partial summary judgment was not accompanied by a statement of undisputed facts as required by Rule 56.03 of the Tennessee Rules of Civil Procedure, and she "neglected to cite the court to any applicable law which would entitle her to summary judgment on her claims." Therefore,

7

the Co-op insists that the Trial Court properly denied the motion.

Summary judgment is appropriate if the movant demonstrates that no genuine issues of material fact exist pursuant to Rule 56.03 of the Tennessee Rules of Civil Procedure. This Court reviews a grant of summary judgment by the Trial Court de novo. Anderson v. Save-A-Lot, Ltd., 989 S.W.2d 277, 279 (Tenn. 1999).

After reviewing the record, we conclude that ample evidence exists to support the Trial Court's denial of Mrs. Turner's motion for partial summary judgment. Therefore, in light of our affirmance of this issue, we need not address the sanction aspect of the judgment.

The Co-op insists that it should receive damages for the expense of defending against Mrs. Turner's frivolous appeals, pursuant to Tennessee Code Annotated § 27-1-122. It contends that Mrs. Turner and her attorney pursued this frivolous appeal and cannot provide this Court with any reason to reverse the Trial Court's judgment. Thus, the Co-op asserts that it is entitled to damages "in the amount of all its attorney fees,

8

costs, and expenses of this appeal, and whatever other remedies this Court deems appropriate."

Tennessee Code Annotated § 27-1-122 provides in pertinent part:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

"A frivolous appeal is one that is 'devoid of merit.'" Industrial Development Board of City of Tullahoma v. Hancock, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) (quoting Combustion Engineering, Inc. v. Kennedy, 562 S.W.2d 202 (Tenn. 1978)). See also Wells v. Sentry Insurance Company, 834 S.W.2d 935, 938 (Tenn. 1992); Clay v. Barrington Motor Sales, Inc., 832 S.W.2d 33, 35 (Tenn. Ct. App. 1992).

In light of the fact that no issue is raised as to the principal point of contention--Mrs. Turner's original claim for malicious prosecution, we find this appeal to be frivolous.

Based on the foregoing, we affirm the judgment of the Trial Court in all respects, and remand the cause to the Trial Court for determination of damages, pursuant to Tennessee Code Annotated § 27-1-122.  Costs of this appeal are adjudged against Mrs. Turner and her surety.

_____
Houston M. Goddard, P.J.


CONCUR:


_____
Herschel P. Franks, J.


_____
Charles D. Susano, Jr., J.