FILED
03/30/2021
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 19, 2020 Session

## SAMUEL L. DAVIS v. SOVEREIGN INVESTMENTS, LLC

Appeal from the Chancery Court for Davidson County
No. 19-0330-III      Ellen Hobbs Lyle, Chancellor

No. M2019-01949-COA-R3-CV

The plaintiff appeals the summary dismissal of his petition to quiet title based on res judicata and waiver. This is the fourth action between the parties, or their privies, involving real property the plaintiff lost in a nonjudicial foreclosure sale in 2012. The first three actions were decided on the merits adversely to the plaintiff. Following the dismissal of the third action regarding the same real property, the parties entered into a settlement agreement wherein the plaintiff consented to the sale of the property to the defendant and waived all claims that had been or could have been asserted in relation to the real property. Thereafter, the plaintiff commenced this action to quiet title to the same real property. Upon the motion of the defendant that had purchased the property, the trial court summarily dismissed the action. This appeal followed. We affirm the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Cyrus Lucius Booker, Brentwood, Tennessee, for the appellant, Samuel L. Davis.

Matthew A. Grossman and Michael Ben Moore, II, Knoxville, Tennessee, for the appellee, Sovereign Investments, LLC.

## OPINION

Samuel L. Davis ("Mr. Davis") commenced this action with the filing of a Petition to Quiet Title to certain real property ("the Property") located in Nashville, Tennessee, which includes a residential structure at 1203 Second Avenue South and a commercial structure at 215 Chestnut Street. The only defendant in this action is Sovereign Investments, LLC ("Defendant"). The alleged wrongdoings that underscore Mr. Davis' claims for relief pertain to the nonjudicial foreclosure of the Property by JPMorgan Chase

Bank, National Association ("Chase") on June 7, 2012, which occurred long before Sovereign acquired title to the Property.

Mr. Davis purchased the Property in 2007, at which time he executed and delivered a promissory note in the amount of $116,725 and a Deed of Trust as security for the note. Chase was the servicer for the loan. After Mr. Davis defaulted on the loan, the Property was sold at a foreclosure sale in 2012, and Chase, the highest bidder at the sale, acquired the Property.

Following the foreclosure sale, Chase filed a detainer action in the General Sessions Court for Davidson County, Tennessee, to evict Mr. Davis from the Property. The General Sessions Court entered a final judgment awarding Chase possession of the Property on February 6, 2013. Mr. Davis did not appeal the judgment and, as a consequence, it became a final judgment.

Thereafter, Mr. Davis commenced a separate action against Chase in the Chancery Court for Davidson County alleging, *inter alia*, that Chase wrongfully foreclosed on the Property based on a variety of reasons. Mr. Davis alleged that the foreclosure was not proper because Chase did not give him proper notice before foreclosure. He alleged that Chase did not have the right to foreclose because it did not have the original note in its possession. He contended that "there is no property address" known as 1203 Second Avenue South, which Davis contends is a mailing address, and the physical address of the Property is 215 Chestnut Street. He also alleged that the Property is a "commercial dwelling," as such it "does not qualify for a FHA loan," and he was "induced into procuring such a loan even though the Defendant's [sic] knew or should have that the Property was not zoned to obtain such a loan."

The lawsuit was removed to the United States District Court for the Middle District of Tennessee. Upon the motion of Chase for summary judgment, the district court concluded that all of his claims were barred by res judicata since the General Sessions Court entered a final judgment against Davis in Chase's unlawful detainer action on February 6, 2013. Specifically, the district court found the General Sessions Court had competent jurisdiction; that the same parties, or their privies, were involved in both suits; the same claim or cause of action was asserted in both suits; and the underlying judgment was final and on the merits. The United States Court of Appeal for the Sixth Circuit affirmed the dismissal.

Mr. Davis then filed another action against Chase in the Chancery Court for Davidson County, Tennessee, again seeking to set aside the foreclosure sale and enjoin Chase from obtaining possession of the Property. The suit was removed to the United States District Court for the Middle District of Tennessee, Nashville Division and ultimately dismissed pursuant to an order entered on September 28, 2017, after the district court adopted the Report and Recommendation of the Magistrate, which explained that res

judicata required dismissal because Mr. Davis failed to appeal the General Sessions Court's final judgment.

On May 8, 2018, a Confidential Settlement Agreement and Release was entered into ("the Settlement Agreement") among Mr. Davis, Chase, and Sovereign, the latter of which had a pending offer to purchase the Property from Chase. The Settlement Agreement reads in pertinent part:

> By virtue of this Agreement, the Parties [Davis, Sovereign, and Chase] desire to fully and completely resolve this matter in good faith and settle any and all claims and/or counterclaims that were asserted or that could have been asserted against Chase related to the Property and to agree to the sale and purchase of the Property.

The Settlement Agreement also included a "Waiver of Defenses, Set-Offs and Claims," which stated:

> Borrower and Buyer hereby knowingly, intentionally and voluntarily waive any and all defense, set-off and claims that were raised or that could have been raised, in contract or tort, including negligence, whether known or unknown between Chase, Borrower, and Buyer related to the Eviction Judgment, First Lawsuit, Second Lawsuit, and the transaction set forth in paragraph 4, except for enforcement of the terms hereof, all which are hereby expressly reserved.

The deed conveying the Property from Chase to Sovereign was recorded shortly after the Settlement Agreement was entered into.

This brings us to the present action against Sovereign, which Mr. Davis filed in the Davidson County Chancery Court shortly after entering into the Settlement Agreement. Although Chase is not a defendant in this action, like the two previous actions filed by Mr. Davis, the complaint alleges wrongdoing by Chase regarding the same nonjudicial foreclosure of the Property in 2012. Similarly, Mr. Davis also seeks a judicial determination of his ownership of the Property and a declaration that Sovereign has no title, right, interest, or estate in the Property.

Sovereign responded by filing a motion of summary judgment seeking dismissal of the case on the basis of res judicata, judicial estoppel, express waiver, and accord and satisfaction. The motion was properly supported by a Tenn. R. Civ. P. 56.03 Statement of Undisputed Facts and Memorandum of Law. Mr. Davis, however, did not file a written response to the motion for summary judgment or Sovereign's statement of undisputed facts.

Noting that Mr. Davis was pro se at the time, the trial court allowed Mr. Davis to present an oral argument in opposition to the motion at the hearing. The trial court also granted Mr. Davis permission to file "Supplemental Documents" after oral argument in support of his position, which he filed on September 30, 2019. After taking the matter under advisement, the trial court granted Sovereign's motion for summary judgment explaining that express waiver, equitable estoppel, res judicata, and collateral estoppel each applied to bar Mr. Davis's claims. Specifically, the trial court found res judicata required dismissal of this case and explained: "[i]f Plaintiff's claims were not presented in those other courts, the claims were required to be presented and are now waived." The trial court also held that Mr. Davis had expressly waived any interest he had or may claim to the Property pursuant to the Settlement Agreement.

The trial court's order stated:

2. The parties to this action [Mr. Davis and Sovereign], along with JPMorgan [C]hase Bank, National Association ("Chase"), are parties to a "Confidential Settlement Agreement and Release" ("the Agreement") relating to the subject matter of this action, *i.e.*, title to the Property . . . .

3. The Court finds that, by the Agreement, Davis has expressly waived all claims set forth in his Complaint.

4. The Court finds that, based upon the Agreement, Davis is equitably estoped to assert claims against Sovereign with respect to title to the Property.

5. In addition to the Confidential Settlement Agreement and that it effects a waiver of Plaintiff's claims in this lawsuit, res judicata also requires dismissal of this case.

In determining the instant action was precluded by res judicata, the trial court explained:

[W]ith respect to this prior litigation, the determination of the propriety of the foreclosure and its preclusive effect: (1) are the precise issues Sovereign now seeks to be precluded based upon the determinations in the prior proceedings, (2) are issues which were actually litigated in the prior proceedings, and (3) the determinations of these issues in the prior actions was necessary and essential to the prior judgments.

(Citations omitted).

Regarding the "Supplemental Documents" that Mr. Davis filed with the trial court on September 30, 2019, the trial court found the documents were untimely, stating in pertinent part:

> Under Tennessee Law, these documents had to be asserted and presented in the previous courts: General Sessions, U.S. District Court of Tennessee, U.S. Sixth Circuit Court of Appeals. This Court is not permitted by Tennessee Law to reconsider Mr. Davis's claims because those claims, if presented in the other courts, were already decided. If Plaintiff's claims were not presented in those other courts, the claims were required to be presented and are now waived.

This appeal followed.

## ISSUES

We have consolidated and restated the issues presented by Mr. Davis as follows:

1. Whether the trial court erred by granting summary judgment to Sovereign based on res judicata.

2. Whether the trial court erred by granting summary judgment to Sovereign based on express contractual waiver and equitable estoppel.

Sovereign raises one issue, which reads: Whether the instant appeal is frivolous or taken solely for the purpose of delay, entitling Sovereign to recover damages from Mr. Davis when Mr. Davis points to no evidence in the record to support his contentions, when Mr. Davis has waived all appellate issues he seeks to raise in this appeal, and when the record before this court demonstrates that Mr. Davis has previously litigated his claims in multiple forums for more than seven years.[1]

## STANDARD OF REVIEW

This court reviews a trial court's decision on a motion for summary judgment de novo without a presumption of correctness. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Accordingly, this court must make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *See id.*; *Hunter v. Brown*, 955 S.W.2d 49, 50 (Tenn. 1997). In so doing, we consider the

---

[1] Sovereign also asked for the imposition of screening of future lawsuits Mr. Davis may file, but we decline to rule on that request because it was not raised in the trial court.

evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. When the party moving for summary judgment does not bear the burden of proof at trial, it may satisfy its burden of production "either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264 (emphasis in original).

When a motion for summary judgment is made and supported as provided in Tenn. R. Civ. P. 56, the nonmoving party may not rest on the allegations or denials in its pleadings. *Id*. at 265. Instead, the nonmoving party must respond with specific facts "showing that there is a genuine issue for trial." *Id*. (quoting Tenn. R. Civ. P. 56.03). A fact is material "if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id*.

Our review of a summary dismissal on res judicata grounds is de novo with no presumption of correctness. *See Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012). Our inquiry pertains to a pure question of law, so our task is limited to reviewing the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been met. *See Hunter*, 955 S.W.2d at 50–51.

## ANALYSIS

### I. RES JUDICATA

"The doctrine of res judicata . . . bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009). The doctrine "is not based upon any presumption that the final judgment was right or just. Rather, it is justifiable on the broad grounds of public policy which requires an eventual end to litigation." *Id.* (quoting *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976)).

A party asserting res judicata must establish the following: "(1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was

asserted in both suits, and (4) that the underlying judgment was final and on the merits." *Boyce v. LPP Mortgage Ltd.* 435 S.W.3d 758, 764 (Tenn. Ct. App. 2013) (quoting *Jackson*, 387 S.W.3d at 491); *see also Crain v. CRST Van Expedited, Inc.*, 360 S.W.3d 374, 380 (Tenn. Ct. App. 2011).

Taking note of these factors, the trial court found res judicata required dismissal of the case. Specifically, the trial found that "with respect to this prior litigation, the determination of the propriety of the foreclosure and its preclusive effect: (1) are the precise issues Sovereign now seeks to be precluded based upon the determination in the prior proceedings, (2) are issues which were actually litigated in the prior proceedings, and (3) that the determinations of these issues in the prior actions was necessary and essential to the prior judgments." The trial court found that Sovereign was in privity with Chase with respect to Mr. Davis's claims and the prior litigation. It also held "[t]hat all of . . . Mr. Davis's claims of fraud and wrongful foreclosure, lack of notice, and incorrect property description had to be alleged in and were decided by the General Sessions detainer order of February 2013." It concluded the prior litigation was properly performed and effectively divested Mr. Davis of any interest in title to the Property.

As Sovereign correctly states in its brief, Mr. Davis failed to respond in the trial court to Defendant's statement of undisputed material facts and he failed to file his own statement of undisputed facts. This is significant because the material facts set forth in a Tenn. R. Civ. P. 56.03 statement of undisputed facts "may be deemed admitted in the absence of a statement controverting them by the opposing party." *Holland v. Memphis*, 125 S.W.3d 425, 428 (Tenn. Ct. App. 2003) (citation omitted). "Accordingly, failure to file a response in opposition to a motion for summary judgment generally will prove fatal in the trial court and upon appeal." *Id*. (citation omitted).

Moreover, on appeal, Mr. Davis has failed to refute the trial court's findings that the prior judgments: (1) were rendered by courts of competent jurisdiction, (2) involved the same parties or their privies as in the instant action, (3) involved the same claims or causes of action, or (4) were final. *See Boyce*, 435 S.W.3d at 764. Instead, Mr. Davis simply appears to make repetitive allegations regarding the same transaction: the foreclosure of the Property.

As was explained by the federal courts, the General Sessions Court of Davidson County is a court of competent jurisdiction under the present facts. "[T]he General Sessions Court possesses the authority to decide the merits of a detainer warrant," *Lawlor v. SunTrust Mortgage, Inc.*, No. 3:13-CV-00387, 2013 WL 4431319, at *4 (M.D. Tenn. Aug. 15, 2013) (citing Tenn. Code Ann. § 29-18-107), and "wrongful or fraudulent foreclosure may be raised as an affirmative defense to an unlawful detainer action," *id*. (citing *Davis v. Williams*, No. E2010-01139-COA-R3-CV, 2011 WL 335069, at *3 (Tenn. Ct. App. Jan. 31, 2011)). Further, the previous litigation involved the same parties or their privies as Mr. Davis now attempts to involve. Privity for the purposes of the "same-party" element in the

context of res judicata "means 'an identity of interests relating to the subject matter of the litigation, and it does not embrace relationships between the parties themselves.'" *Acuity v. McGhee Eng'g, Inc.*, 297 S.W.3d 718, 735 (Tenn. Ct. App. 2008) (quoting *Carson v. Challenger Corp.*, No. W2006-00558-COA-R3-CV, 2007 WL 177575, *3 n.3 (Tenn. Ct. App. Jan. 25, 2007)). Here, Chase and Defendant have identical interests, i.e., resolving all disputes resulting from the foreclosure. So, there is nothing on appeal to suggest the trial court erred by finding that Sovereign is in privity with Chase with respect to title of the Property. Further, the claims and causes of action presented by Mr. Davis in the present case are the same as those that Mr. Davis could have and actually has litigated previously. "Two suits . . . shall be deemed the same 'cause of action' for purposes of res judicata where they arise out of the same transaction or series of connected transactions." *Creech*, 281 S.W.3d at 381. The record is devoid of anything to suggest the trial court erred in holding that both the instant suit and the Detainer Warrant arise from the same transaction—Chase's allegedly-wrongful foreclosure on the Property. Last, the General Session's judgment is final. A final judgment from a general sessions court will bar a subsequent suit in another court regarding the same subject. *Clay v. Barrington Motor Sales, Inc.*, 832 S.W.2d 33, 34 (Tenn. Ct. App. 1992) (citing *Staggs v. Vaughn*, 325 S.W.2d 277 (Tenn. 1959)). Failure to appeal a final judgment renders that decision final and immune to collateral attack. *See Hood v. Jenkins*, 432 S.W.3d 814, 825 (Tenn. 2013).[2]

In reviewing a trial court's decision to grant summary judgment, if the undisputed facts support only one conclusion—that being the conclusion reached by the trial court that the moving party was entitled to judgment as a matter of law—we are required to uphold the summary judgment ruling. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998). Having determined that the material facts are undisputed and those facts support the conclusion reached by the trial court, we affirm summary dismissal on the basis of res judicata.

## II. EXPRESS CONTRACTUAL WAIVER AND EQUITABLE ESTOPPEL

"A[n express] waiver is a voluntary relinquishment by a party of a known right. '[I]t may be proved by express declaration; or by acts and declarations manifesting an intent and purpose not to claim the supposed advantage . . . .'" *Chattem, Inc. v. Provident Life & Acci. Ins. Co.*, 676 S.W.2d 953, 955 (Tenn. 1984) (internal citations omitted) (quoting *Baird v. Fidelity-Phenix Fire Ins. Co.*, 162 S.W.2d 384, 389 (Tenn. 1942)).

---

[2] We also note that Mr. Davis contends the trial court erred by relying on res judicata without requiring a showing of "clean hands" by Sovereign. Mr. Davis states that Sovereign has not shown that its "conduct has been fair, equitable, and honest, as to the particular controversy in issue" and must be "repelled at the threshold of the court." However, Mr. Davis makes this argument for the first time on appeal; thus, the claim has been waived as it was not presented to or decided by the trial court. *See Dorrier v. Dark*, 537 S.W.2d 888, 890 (Tenn. 1976) ("This is a court of appeals and errors, and we are limited in authority to the adjudication of issues that are presented and decided in the trial courts . . . .").

The Settlement Agreement entered into among Mr. Davis, Chase, and Sovereign constitutes an unequivocal express waiver of all issues Mr. Davis raised or could have raised in his Petition to Quiet Title. As the trial court correctly found:

2. The parties to this action [Mr. Davis and Sovereign], along with JPMorgan [C]hase Bank, National Association ("Chase"), are parties to a "Confidential Settlement Agreement and Release" ("the Agreement") relating to the subject matter of this action, *i.e.*, title to the Property . . . .

3. The Court finds that, by the Agreement, Davis has expressly waived all claims set forth in his Complaint.

4. The Court finds that, based upon the Agreement, Davis is equitably estopped to assert any claims against Sovereign with respect to title to the Property.

Simply stated, there are no material facts in the record which dispute the fact that Mr. Davis waived all claims "that were asserted or that could have been asserted against Chase related to the Property" in the prior actions, and the Settlement Agreement clearly manifests an express written declaration by Mr. Davis to waive further litigation as to all such matters he raised in the trial court and in this appeal. All issues Mr. Davis has raised involve the same alleged wrongdoings of Chase and the propriety of the foreclosure. Therefore, there are no material facts in dispute for trial as to express waiver, and the trial court correctly granted summary judgment to Sovereign upon this basis.[3]

III. FRIVOLOUS APPEAL

Sovereign contends this appeal is frivolous or taken solely for the purpose of delay, which entitles it to recover its costs and attorney's fees incurred in defending this appeal pursuant to Tenn. Code Ann. § 27-1-122.

"Parties should not be forced to bear the cost and vexation of baseless appeals." *Young v. Barrow*, 130 S.W.3d 59, 66 (Tenn. Ct. App. 2003) (citations omitted). As such, "the Tennessee General Assembly enacted Tenn. Code Ann. § 27-1-122 to enable appellate courts to award damages against parties whose appeals are frivolous or are brought solely for the purpose of delay." *Id*. The decision to award these damages is a discretionary decision. *Id*. at 66–67 (citing *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985)).

---

[3] We acknowledge that Mr. Davis contends on appeal that the Settlement Agreement is invalid due to lack of consideration and lack of an authenticated signatory. Both of these are factual issues, and the trial court was the proper court in which to air Mr. Davis's grievances. However, he did not raise these issues in the trial court nor did he respond to Defendant's statement of undisputed material facts to create a dispute of fact. Thus, these issues are waived. *See Dorrier*, 537 S.W.2d at 890.

Tenn. Code Ann. § 27-1-122 provides:

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

"A frivolous appeal is one that is devoid of merit, or one that has no reasonable chance of succeeding." *Young*, 130 S.W.3d at 67 (citations omitted).

We have determined that this appeal is devoid of merit and has no reasonable chance of succeeding. Therefore, exercising our discretion, Sovereign is entitled to recover the reasonable and necessary expenses and costs incurred on appeal, the amount of which the trial court shall determine.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Samuel L. Davis.

_____
FRANK G. CLEMENT JR., P.J., M.S.